Campbell, Chief Justice,
delivered the opinion of the court:
There is no doubt that if the plaintiff had presented its bill originally for the amount now claimed instead of the lesser amount it would have been paid by the Auditor. The shipment moved from Ostrander, in the State of Washington, to Frankfort, in the State of Kentucky, and a considerable portion of the lines over which it moved was land-aided. In making up the freight bill the plaintiff’s employees, unfamiliar with western tariffs, overlooked a published tariff which superseded certain other tariffs, and used the latter. The tariff which was overlooked allowed a higher rate to the carrier. It was, of course, the duty of the plaintiff as the terminal carrier to present the bill in the proper amount authorized by the published tariffs and with lawful deductions. As between the carrier and the individual it would be its duty under the statute to collect the proper tariff rate. See Louisville & Nashville R. R. Co. v. Maxwell, 237 U. S. 94; Pittsburgh &c. Ry. Co. v. Fink, 250 U. S. 577. There is no dispute about the fact that the plaintiff’s employees made a mistake in applying the tariff rates, The mistake having occurred, and the bill having been paid, there could be no relief in the accounting office because of the provisions of the Dockery Act — no application for a revision having been made for more than a year after payment.
There is no analogy between the case thus presented and a number of other cases that have been before this court in which the carrier has presented a bill to disbursing officers and accepted less than they claimed was due, or restated its bill because a disbursing officer would not pay the amount that was claimed. The bill presented in this case was supposed by both parties to be correct. There was no restatement of its bill; there was no refusal to pay the bill as stated. The error was in failing to follow the correct tariff rate, and it seems that this error was not discovered until after the *682 plaintiff had received the money and was accounting to the initial carrier for its portion of it. In these circumstances, and confining the decision to the peculiar facts of the case, we think the plaintiff is entitled to recover. Judgment is therefore awarded for the amount which concededly was due in the first instance, to' wit, $123.19.
Hay, Judge; DowNey, Judge, and Booth, Judge, concur.